### 11420

#### PREMIER REFINING CO. v. B. & E. MOTOR INC.

#### (121 S. E., 374)

Appeal and Error—Sales—Instruction That Indemnity Agreement Between Buyer and Seller Was Test of Buyer's Claim That Goods Were Worthless Held Error.—In an action for the price of oil sold to defendant, a dealer in automobile oils, the defense being that the oil was utterly worthless, an instruction that an indemnity agreement binding manufacturer to reimburse dealer for any damage to customer that rose from the use of the oil was the test of defendant's defense *held* manifest error, the indemnity agreement being an independent agreement; and it was more than a misstatement of issues which must be called to the Court's attention during the trial.

Before Charles Carroll Simms, Special Judge, Anderson, 1923.    Reversed.

Action by Premier Refining Company against B. & E. Motor Company, Inc.    Judgment for plaintiff and defendant appeals.

*Mr. W. H. Frierson,* for appellant, cites: *Charge on facts, State v. James,* 31 S. C., 236; 48 S. C., 145; 51 S. C., 460.

*Messrs. Bonham & Allen* for respondent.

February 11, 1924.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is an action upon an account for automobile oil sold by the plaintiff, the manufacturer of "Crystaline Lubricant," to the defendant, a dealer in automobile oils.    The defendant admitted that it received the oil, but set up the defense,

among other things, that the oil was utterly worthless for the purpose for which it was bought.

At the time of the trial of the case two papers were introduced in evidence, one defendant's order for the oil, and the other an indemnity agreement to have been delivered by the defendant to those who purchased the oil from the defendant. In charging the jury the presiding Judge charged that the indemnity agreement was the test of the defendant's defense. The indemnity agreement bound the manufacturer to make good to the purchasers of the oil for any damage to the consumer that arose from the use of the oil, and was not a part of the agreement between the plaintiff and the defendant. This was manifest error, and was more than a mere misstatement of issues, which must be called to the attention of the Court during the trial. The error was manifest and prejudicial.

The judgment appealed from is reversed.